Honorable Richard A. Jones
Hearing date:  May 19, 2017

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROMAN AND LYUBOV BRUTSKY
                          Plaintiffs,

          v.

CAPITAL ONE, N.A.,

                          Defendant.

No.  C17-491 RAJ

BRUTSKYS' RESPONSE TO
MOTION TO DISMISS

## RELIEF REQUESTED

The Court should deny defendant's Motion to Dismiss Plaintiff's Complaint.

## SUMMARY

Mr. and Mrs. Brutsky, plaintiffs allege Capital One failed to respond at all to their written correspondence regarding the servicing of their mortgage loan in violation of RESPA, 12 U.S.C. §2605  which requires lenders and loan servicers to timely respond to Qualified Written Requests from borrowers.  Defendant incorrectly believes that during 2016 Mr. and Mrs. Brutsky were late in making their loan payments.  The plaintiffs also allege that the defendant has reported falsely to credit reporting agency that during 2016 they were late in making to mortgage loan payments in violation of §1692e(2)(A) of the FDCPA which prohibits a debt collector from falsely representing the character, amount or legal status of any debt.

RESPONSE TO MOTION TO DISMISS - 1

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

When Mr. and Mrs. Brutsky contacted the credit reporting agencies disputing the negative

character of their credit, Defendant failed to correct any errors or deficiencies to prior credit

reports in violation of 15 U.S.C. § 1681s–2(b)(1) within the deadline required under 15 U.S.C.

§ 1681s–2(b)(2).  Based on the operative facts, plaintiffs also allege breach of the mortgage

contract, violations of Washington's Consumer Protection Act (RCW 19.86 et al) and

Mortgage Servicing Act, of RCW 19.148.030.

## ARGUMENT

### PLEADING STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Allegations contained in a complaint are presumed true. "To be entitled to the presumption of

truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause

of action, but must contain sufficient allegations of underlying facts to give fair notice and to

enable the opposing party to defend itself effectively. Second, the factual allegations that are

taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require

the opposing party to be subjected to the expense of discovery and continued litigation." Starr

v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  As highlighted below, Mr. and Mrs. Brutsky

RESPONSE TO MOTION TO DISMISS - 2

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

have alleged sufficient facts to give the defendant notice the operative facts entitling them to relief.

## I.  ARTICLE III STANDING

Mr. and Mrs. Brutsky have alleged sufficient facts to establish Article III Standing. Article III standing is a threshold question in every federal court case.  The doctrine of standing "requires federal courts to satisfy themselves that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). To satisfy the standing requirements of Article III, "a plaintiff must show (1) it has suffered an `injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. Lujan, 504 U.S. at 561.

Plaintiffs allege that defendant violated federal law and that they are entitled to relief under federal law.  Article III standing is satisfied.  The defendant violated RESPA by failing to respond to their QWRs within the time specified by the statute. 12 U.S.C. § 2605(e).  Pursuant to the express language of the statute, however, civil liability under RESPA is limited to "borrowers." 12 U.S.C. § 2605.  Mr. and Mrs. Brutsky are the "borrowers".  See Complaint p.3 para. 7 ("Plaintiffs' refinanced their residence with ING Bank, FSB on or about October 25,

RESPONSE TO MOTION TO DISMISS - 3

2007.") and para. 10 ("Plaintiffs obtained a loan modification from Defendant on or about November 8, 2012.").

Likewise the FDCPA and FCRA expressly protects "consumers" which is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a.  Mr. and Mrs. Brutsky plead that they paid the periodic payments and their home loan is current. See Complaint p. 3 para. 12.  In addition the amount of the offer on their rental lot was not enough to pay off the Capital One Mortgage.  See Complaint p. 4 para. 18.  These to facts together establish that they meet the definition of "consumer" under 15 U.S.C. § 1692a.

## II. PLAINTIFFS' DAMAGES FOR RESPA VIOLATIONS

Mr. and Mrs. Brutsky suffered actual damages when defendant failed to respond to their QWR's.  At the time they sent their qualified written request, they had a sale pending on one of their properties which is secured by the mortgage, however the sale price was not enough to completely payoff their mortgage with defendant.  See Complaint p. 3-4, para. 17-18.  Mr. and Mrs. Brutsky first learned that the defendant had not properly credited their loan payments when their application for a new mortgage was denied.  See Complaint p.4 para. 19.  The August 19, 2016, qualified written request was sent "to inform defendant of their payment errors and requesting that defendant correct their payment errors."  Complaint p.4, para. 23.  If the defendant had responded and correct the errors, Mr. and Mrs. Brutsky would have been able to refinanced the remaining balance on the loan and the sale would closed.

RESPONSE TO MOTION TO DISMISS - 4

"RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly." Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 687 (7th Cir. 2011). Thus, "[a]ny reasonably stated written request for account information can be a qualified written request." Id. According to the Registered Mail Receipt, defendant received Mr. and Mrs. Brutsky's QWR on August 22, 2016. The letter states "Dispute and attachment of receipts:" and "Capital One made false accusations about payments." Exhibit 1 to Declaration of Russell Odell. The receipts referred to in the letter are copies of Mr. and Mrs. Brutsky's cancelled checks and bank account showing when they made their loan payments and when defendant received the payments.[1] See Exhibit 2 to Declaration of Russell Odell.

After receiving a Qualified Written Request, the servicer must "provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." See 12 U.S.C. § 2605(e)(1)(A). Defendant failed to send a response acknowledging receipt. See Complaint p.4, para. 24.

Second, within 30 days of receipt of the QWR (with a possible 15-day extension), the servicer must provide a substantive response, the nature of which depends on the type of QWR. Upon receipt of a "notice of error" (i.e., a QWR in which the borrower "asserts an error relating to the servicing of a mortgage loan," see 12 CFR 1024.35), the servicer must: (1) "make appropriate corrections in the account of the borrower, including the crediting of any late

---

[1] The original letter and attachments were mailed to the defendant and are in the possession of the defendant. Plaintiff does not contend all attachments of bank statements and cancelled check in Exhibit 2 were sent August 19, 2016, but only for January through June or July 2016 payments. Defendant will be producing to plaintiffs copies of the original qualified written requests in their Initial Disclosures which are due May 18, 2017.

RESPONSE TO MOTION TO DISMISS - 5

charges or penalties, and transmit to the borrower a written notification of such correction"; or

(2) "after conducting an investigation, provide the borrower with a written explanation or

clarification" that includes (i) a statement of the reasons the servicer believes the account is

correct and (ii) the contact information of a servicer employee or office that can provide

assistance to the borrower. See 12 U.S.C. § 2605(e)(2).  Defendant failed to provide a

substantive response within the 30 days.  See Complaint p.4, para. 24.

Had the defendant responded to Mr. and Mrs. Brutsky written dispute and corrected its

payment errors to Mr. and Mrs. Brutsky's mortgage loan payments within the 5 or 30 day

requirements, the sale of their home could have proceeded because the notation of a late

payment on their mortgage prevented them from refinancing the remainder of their mortgage

on the home they were not selling.  See Complaint p. 4-5 para. 24-30 and p. 6 para. 43 and 44.

Mr. and Mrs. Brutsky have plead actual damages recoverable for defendant's violation of 12

U.S.C. § 2605(e) (1) and (2).  Hutchinson v. Del. Sav. Bank FSB, 410 F.Supp.2d 374, 383

(D.N.J.2006) (holding that the plaintiffs adequately pled actual damages when they alleged that

they suffered  "negative credit ratings on their credit reports [and] the inability to obtain and

borrow another mortgage loan and other financing" ); Menashe v Bank of N.Y, 850 F.Supp.2d

1135 (D.HI. 2012) (same).

## STATUTORY DAMAGES UNDER RESPA

In any effort to correct defendants errors in crediting their loan payments continued

communicating with the defendant via phone and in writing with the defendant in 2016.  See

Complaint p. 4, para. 22.  One of the written communications was a hand written letter to

defendant sent on or about 11/8/16.  Exhibit 3 to Declaration of Russell Odell.  Again,

RESPONSE TO MOTION TO DISMISS - 6

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

defendant failed to acknowledge receipt or provide a substantive response as required by 12 U.S.C. § 2605(e) (1) and (2).

Again on or about January 5, 2017, Mr. and Mrs. Brutsky through their attorney sent defendant another QWR requesting defendant correct errors to dates that the payment were made for March, August, September, October, November and December 2016.  Defendant failed to acknowledge receipt or provide a substantive response as required by 12 U.S.C. § 2605(e) (1) and (2).  See Complaint p. 5, para. 38 and Exhibit 4 to Declaration of Russell Odell.

For each QWR, defendant failed acknowledge receipt within 5 day in violation of 12 U.S.C. § 2605(e) (1) and failed to provide a substantive response as required by 12 U.S.C. § 2605(e) (2).  Mr. and Mrs. Brutsky alleged that defendant has a pattern and practice of not responding to their QWR's.  See Complaint p. 6, para. 44.  Under 12 U.S.C. § 2605(f) plaintiffs are entitled to statutory damages and attorney fees from the pattern and practice they have alleged even if they are unsuccessful in proving their actual damages.

### III. PLAINTIFFS HAVE ALLEGED SUFFICIENT FACTS TO STATE A FDCPA CLAIM

Plaintiffs alleged when defendants began servicing their loan, they were in default.  Complaint p.3, para. 9.  Because defendant acquired the plaintiffs' mortgage from ING while the plaintiffs were in default, the defendant is a "debt collector."  15 U.S.C. § 1692 a(6) defines three categories of debt collectors. First "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" is a "debt collector."  Id.  Second those "who regularly collects or attempts to collect,

RESPONSE TO MOTION TO DISMISS - 7

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

7

directly or indirectly, debts owed or due or asserted to be owed or due another." Id. Finally,

any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the enforcement of security interests" is also a debt collector.

If the defendant meets the definition of any three of these categories, then they are a debt

collector.

The defendant is a debt collector under the plain language of the first clause because

like all banks it is in the principal business of collecting debts.  Unlike most banks, the

defendant does not meet any of the exceptions to "debt collector" as outlined in 15 U.S.C.

§1692a(6)(F).  Capital One did not extend the credit creating the debt and therefore are not a

"creditor" the first clause of 15 U.S.C. §1692a (4).  Creditors are "any person who offers or

extends credit creating a debt."  Id.  Under the second clause of 15 U.S.C. §1692a (4), the

defendant is also not a "creditor" because the defendant received "an assignment or transfer of

[plaintiffs'] debt in default."  Id.  At the time defendant acquired Mr. and Mrs. Brutsky's

mortgage, the Brutsky were in default.  Complaint p. 3, para. 9.  According to defendant, it

acquired ING Direct USA in 2011.  However, the Federal approval of the acquisition did not

occur until February 12, 2012.[2]  Whether the acquisition was effective on the day the defendant

announced their intention to acquire ING or the date of the government's approval of the

purchase or some other date is a question of fact.  In both cases, the fact remains that as alleged,

Mr. and Mrs. Brutsky were is default when the defendant acquired their mortgage.  Complaint

p. 3, para. 9.  An entity collecting on a defaulted debt acquired from another is a "debt

collector" under the FDCPA even though it "may actually [own] the debt."  FTC v. Check

---

[2] See https://www.federalreserve.gov/newsevents/press/orders/order20120214.pdf. Pursuant to Fed. R. Evid 201(b)(2), the Court may take judicial notice of facts confirmed through reputable sources.

RESPONSE TO MOTION TO DISMISS - 8

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

Investors, Inc., 502 F.3d 159, 171-174 (3rd Cir. 2007), cert. denied 555 U.S. 1011 (2008);

McKinney v. Cadleway Properties, Inc., 548 F.3d 496, 501 (7th Cir. 2008).  Other circuits have

ruled that despite the plain language of the debt collector exceptions in 15 U.S.C. §1692a (6) F,

that once an entity owns the defaulted debt it is no longer a debt collector.  Henson v. Santander

Consumer USA, Inc., 817 F.3d 131 (4th Cir. 2016), cert. granted ___ U.S. ___ (2017)  on

"Whether a company that regularly attempts to collect debts it purchased after the debts had

fallen into default is a "debt collector" subject to the Fair Debt Collection Practices Act."

### DEFENDANT ENGAGED IN UNFAIR PRACTICES UNDER FDCPA

The unauthorized March 2016 use of Mr. and Mrs. Brutsky's payments to pay King

County Real Estate taxes instead of applying the payments to the mortgage principal or interest

is an unfair act in violation of 15 U.S.C. §1692(f)(1).  See Complaint p.3, para. 15.  §1692(f)(1)

prohibits a debt collector from "[t]he collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly

**authorized** by the agreement creating the debt or permitted by law."  As alleged Mr. and Mrs.

Brutsky paid their real estate taxes themselves, the defendant was not **authorized** to pay the

taxes and had never before paid the taxes.  Complaint p.3, para. 15 and 16.  A reasonable

inference is that this is because the agreement creating the debt did not **authorize** the defendant

to pay the real estate taxes.

### IV.    DEFENDANT BREACHED CONTRACT

The same operative facts as stated in the Complaint paragraphs 15 and 16 form the basis

of Mr. and Mrs. Brutsky's breach of contract claims.  Under the mortgage the defendant has the

duty to apply the loan payments when received to principal and interest and not to pay real

RESPONSE TO MOTION TO DISMISS - 9

estate taxes.  Clearly not crediting the payment on the date received or at all, caused plaintiffs damages by extending the time need to repay the mortgage, incurring additional interest and fees.  See Complaint p.8 para. 60.

## V.      DEFENDANT'S FAIR CREDIT REPORTING ACT VIOLATIONS

Mr. and Mrs. Brutsky allege that on November 9, 2016, they mailed to credit reporting agencies letters "disputing their payment history with defendant and requesting corrections to the credit reports.  Plaintiffs mail proof of their actual payments with their dispute letter." Complaint p. 5, para. 31.  The Credit Reporting Agencies notified the defendant of the dispute. Complaint p. 5, para. 32.  In fact the Complaint details the errors  that defendant made to Equifax  as "no payments for February, March and August 2016, show $0 payment in September 2016, shows $85,430 past due in March 2016 and $86,510 past due in August 2016. In addition the dates of last payment do not correspond to the dates on plaintiffs' bank statements or cancelled checks."  Complaint p.5, para. 34.  With the Experian report, defendant's payment history shows "the account thirty days late in March 2016 and August through December 2016."  Complaint p.5, para. 36.  Given the fact that plaintiffs made all of their payments on time for 2016 (Complaint p.3, para. 14) and sent that proof with their dispute letters to Experian and Equifax, defendants investigation could not have been reasonable.  A reasonable investigation would have found defendant's errors being reported.

Defendant's main argument is that Mr. and Mrs. Brutsky in order to state a claim must include the letters they sent to the CRA's and the letters the CRA's sent to the defendant.  Of course, these letters are in the possession of the CRA's and defendant respectively.  Notice

RESPONSE TO MOTION TO DISMISS - 10

pleading does not require plaintiffs to bear the burden of recovering from third parties and prospective defendants all the evidence that will ultimately be presented at trial before filing a complaint.  If this were true, there would be no need for discovery.  Fed. Rule of Civil Procedure 8(a) only requires "a short plain statement showing that the pleader is entitled to relief."  When the defendant answer Mr. and Mrs. Brutsky's complaint, if Equifax or Experian notified defendant of plaintiffs' dispute, defendant must admit paragraph 32 of the Complaint and produce the notices as part of Defendant's initial disclosures.  Against the defendant who has a pattern and practice of not responding in any way to correspondence regarding the servicing of the plaintiff's mortgage it would be futile to require the plaintiff to request a copy of the letters that they already mailed to the defendant in order to survive a Fed. Rule of Civil Procedure 12(b)(6) motion.

Once discovery is complete, the evidence will show that Defendant received notices from the credit reporting agencies in or about late 2016 as alleged.  Complaint p. 9, para. 66.  After the defendant received these notices it failed to correct any of its errors to the plaintiffs' payment history for 2016 in violation of 15 U.S.C. § 1681s–2(b)(1) within the deadline required under 15 U.S.C. § 1681s–2(b)(2).  Again the plaintiffs suffered actual damages in their inability to sell their property because without the defendant correcting its errors they continue to not qualify for a new loan on their residence located on the remaining lot.  Complaint p. 9, para. 68.  They also continue to have to pay interest and fees on the Capital One mortgage which is $750,000 more than if they could have sold their one lot.  See Id.

RESPONSE TO MOTION TO DISMISS - 11

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

## VI. MORTGAGE LOAN SERVICING ACT VIOLATIONS

The purpose of the Mortgage Loan Servicing Act is stated in RCW 19.148.010 (emphasis added):

The ability of individuals to obtain information relating to their residential mortgage loans is vital to the financial needs of mortgagors in Washington. The public interest is adversely affected when a residential mortgage loan's servicing is sold or transferred with insufficient notification given to the mortgagor. In addition, mortgagors may experience difficulty in obtaining various mortgage loan information including information concerning mortgage loan prepayments, reserve accounts, and adjustments to monthly payments. The legislature finds that the legitimate interests of mortgagors and mortgage loan servicers are served if the disclosure of the potential sale of loan servicing is made to the mortgagor, reasonable notification of a residential mortgage loan servicing's sale is made, **and continued mortgagor access to information regarding the mortgage loan is promoted.**

The Washington Legislature makes clear for mortgages that have been acquired by another person, the new servicer must "[r]espond within fifteen business days upon receipt of a written request for information from a mortgagor."  RCW 19.148.030 (2)(b).  Since the defendant acquired the servicing of the loan from ING, the defendant must respond to plaintiffs' written request for information within fifteen days.  As alleged in the Complaint, the defendant failed to respond in any way.  Complaint p. 4, para. 24 and p. 5, para. 38.  If the defendant is claiming that in March 2016, the monthly payment amount or escrow balance changed, then it must inform the Brutsky of the change.  See RCW 19.148.030(2)(iii).  Defendant failed to provide notice.  Complaint p. 3, para. 15.  As a result of defendants in action in violation of RCW 19.148.030, plaintiffs have and continue to suffer damages such as their inability to sell their property because without the defendant correcting its errors they continue to not qualify for a new loan on their residence located on the remaining lot.  Complaint p. 8, para. 64.  They also

RESPONSE TO MOTION TO DISMISS - 12

Russell M. Odell, Attorney at Law
251 – 153rd Place Southeast
Bellevue, WA 98007
(425) 653-3693

1   continue to have to pay interest and fees on the Capital One mortgage which is $750,000 more

2   than if they could have sold their one lot.  See Id.

3

4   **VII.  DEFENDANTS' ACTIONS AND INACTIONS AS ALLEGED VIOLATE THE**
    **CONSUMER PROTECTION ACT**

5

6   Washington's CPA provides that "[u]nfair methods of competition and unfair or deceptive acts

7   or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW

8   19.86.020. The purpose of the CPA is to "complement the body of federal law governing

9   restraints of trade, unfair competition and unfair, deceptive and fraudulent acts and practices in

10  order to protect the public and foster fair and honest competition."  RCW 19.86.920; Haberman

11  v. Wash. Pub. Power Supply Sys., 109 Wash.2d 107, 169, 744 P.2d 1032, 750 P.2d 254 (1987).

12  The CPA is to be "liberally construed that its beneficial purposes may be served." RCW

13  19.86.920; Short v. Demopolis, 103 Wash.2d 52, 61, 691 P.2d 163 (1984).

14

15          For a private citizen to prevail under the CPA, the plaintiff must "prove (1) an unfair or

16  deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest,

17  (4) injury to a person's business or property, and (5) causation." Panag v. Farmers Insurance,

18  166 Wn.2d 27, 38, 204 P.3d 885 (Wash. 2009) citing Hangman Ridge Stables, Inc. v. Safeco

19  Title Ins. Co., 105 Wash.2d 778, 784, 719 P.2d 531 (1986).

20

21          When as here, the alleged unfair acts involves mortgage servicing and the defendant is

22  involved in an enormous number of mortgages in the country and our State, the Washington

23  Supreme Court has held the public interest impact element is presumptively met.  Bain v.

24

25

26  RESPONSE TO MOTION TO DISMISS - 13

27
                                                    Russell M. Odell, Attorney at Law
                                                    251 – 153rd Place Southeast
                                                    Bellevue, WA 98007
                                                    (425) 653-3693

Metropolitan Mortg. Group, Inc., 175 Wn.2d 83, 118, 285 P.3d 34 (2012); also McDonald v.

Onewest Bank, FSB, 929 F.Supp2d 1079, 1097 (W.D. Wash 2013).

**CONCLUSION**

Mr. and Mrs. Brutsky clearly have stated claims upon which the Court can grant relief.

They are entitled to their day in Court to remedy the damages that defendant has caused and

continues to cause.

DATED: Monday, May 15, 2017.


By://S//_____
          Russell M. Odell, WSBA #31287
          Attorney for Roman and Lyubov Brutsky
          251 153rd PL SE
          Bellevue, WA 98007
          Phone/Fax: (425) 653-3693
          Email:   RussellOdell@msn.com

RESPONSE TO MOTION TO DISMISS - 14

1
2
                                       **CERTIFICATE OF SERVICE**

3   I certify that on May 15, 2017, I electronically filed the foregoing with the Clerk of the Court

4   using the CM/ECF system, which will send notice of such filing to the following CM/ECF

5   participants:

6

7         **Counsel for Defendant**

8         Adam G. Hughes, WSBA #34438
      AFRCT, LLP
9         701 Pike St., Suite 1560
      Seattle, WA 98101
10        Phone: (206) 492-2300
      Email: ahughes@afrct.com
11

12        Karen Rosenthal (*pro hac vice*)
      Greenberg Traurig
13        1900 University Ave., 5th Floor
      East Palo Alto, CA 94303
14        Phone: (650) 289-7868
      Email: RosenthalK@gtlaw.com
15

16
17
18
19
20
21
22
23
24
25
26   RESPONSE TO MOTION TO DISMISS - 15
27